WILLIAM B. RHODES, Respondent, v. THE RAILWAY PASSENGER INSURANCE Co. OF HARTFORD CONNECTICUT, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1871.)

In the absence of statutory provisions requiring contracts of insurance to be in writing they may be by parol.

And where there is no limitation of his power, such a contract may be made by parol for the insurance company by its lawfully constituted general agent.

The powers of a general agent to make such a contract of insurance are not necessarily limited where he receives from the company a book of blank policies signed by its president, with intent that they shall be filled in and delivered to the person who insures.

Rhodes *v.* The Railway Passengers Insurance Company.

Where there is an agreement to issue a policy, under which delivery is due and alone remains unperformed, equity will decree payment of the insurance according to the conditions of the policy.

In an action to recover on an agreement to insure against inability to labor arising from accidental injuries, the intemperance of the insured is wholly immaterial, unless it contributed, in some degree, to cause the injury; as where the intemperance was shown to be subsequent to the accident.

Where the contract of insurance against accident, provides, upon condition of forfeiting all claim, that full particulars of the accident and injury shall be furnished to the insurer, without suppression of any material fact, a failure to disclose injuries happening subsequently to the accident, by which the original injury is aggravated, is not the suppression of a fact within the meaning of the contract.

In an action on an accident insurance for one day by which the insurer agreed to be liable for loss of time from accident and injury, which totally disabled and prevented from all kinds of business, it was shown that after an accident on the day named the insured was, for a time, able to work, but became totally disabled some days later on receiving additional injuries which aggravated the injury originally received, and it did not appear that the original injury would have produced total disability to labor.—*Held,* that the insurer was not liable.

THIS was an action brought to recover, for loss of labor, by reason of injuries arising from an accident.

The defendant, on the 2d September, 1869, was a duly incorporated insurance company, by and under the laws of the State of Connecticut. William D. French was its duly authorized agent at Auburn, in this State. On the day mentioned the plaintiff resided in the said city of Auburn, and on his way to take the cars, in company with his wife, met French and handed him fifty cents, as the premium for insuring himself and wife in the defendant's company against accidents for the term of one day, commencing on the 2d September. The agent received the money, and promised to make the policies as soon as he reached his office. The plaintiff was in a hurry to reach the train, and for that reason did not wait to receive the tickets.

On the same day the plaintiff accidentally sprained his knee, and it very soon became painful. He continued at his labor from day to day until the 18th of September, when his limb became so painful that he was unable longer to work,

Rhodes *v.* The Railway Passenger Insurance Company.

and he was not able to work until about the middle of November, 1870.

Between the 2d and 18th September, 1869, the plaintiff's heel was caught in the stairs in the store in which he was employed and his knee was wrenched, and by reason of this accident the former injury was aggravated, and was followed by his total inability to labor from and after the 18th of September.

Soon after the first injury the plaintiff applied to French, the agent, for the policies which the latter agreed to make out and deliver to him, but was refused a delivery of them.

By the policies then issued to persons insuring in the defendant's company, the latter agreed to indemnify the assured in the sum of twenty-five dollars per week against any loss of time, not exceeding twenty-six consecutive weeks, from the time of an accident or injury, which totally disabled or prevented from all kinds of business, by reason of bodily injuries effected during the term of the policy.

It was one of the conditions of the policies that the insured should not be entitled to recover for his time lost more than his ordinary wages or salary, or the money value of his time, during the period of continued disability, not exceeding twenty-six consecutive weeks from the time of the accident.

It was also one of the conditions of the policies that immediate notice should be given in writing to the defendant, in the event of injuries for which claim should be made, stating the full name, occupation and address of the assured, with full particulars of the accident and injury, with satisfactory proof, within seven months after the accident, without suppression of any material fact, or all claims should be forfeited.

At the time of the injury plaintiff was receiving as wages fifty dollars per month.

On the 25th January, 1870, the plaintiff delivered to the defendant affidavits and proofs of the injury received.

On the 1st January, 1870, the plaintiff attempted to resume work, although he could not then walk or stand without a

crutch; and on the third or fourth of that month he was discharged by his employers because of previous intemperate habits.

The referee to whom was referred the issues in said cause, ordered judgment in favor of the plaintiff for $264.96, being for the value of his time at fifty dollars per month, for twenty-three weeks, with interest from the 25th April, 1870, and from that judgment the defendant appeals.

*Davie & Payne*, for the appellant.

*Wright & Manning*, for the respondents.

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

MULLIN, P. J. To have made the insurance of any value to the plaintiff, it must have taken effect on the 2d September, the day the application was made and the money paid. The agent received the money, and promised to make out a policy immediately. This arrangement the agent had power to make. Failing to make out and deliver the policy, the defendant must be liable either on the agent's agreement to insure, or upon his agreement to issue a policy. The measure of damages would be the same in both forms of action. (*Lightbody* v. *North Am. Ins. Co.*, 23 Wend., 18–25.)

In the absence of any statutory provision requiring contracts of insurance to be in writing, they may be by parol. *Commercial M. M. Ins. Co.* v. *The Union M. Ins. Co.*, 19 How. U. S. Rep., 318.) It does not appear that the laws of Connecticut contain any provision prescribing the form or manner of making contracts of insurance in that State. The laws of this State contain no such regulation. It follows, therefore, that the defendant might have entered into a valid parol contract to insure the plaintiff, and, if so, its lawfully constituted general agent, in the absence of any limitations cn his power, might also thus insure.

The only evidence of any limitations in the case, is that there was sent to him a book containing blank policies signed

Rhodes *v.* The Railway Passenger Insurance Company.

by the president of the defendant. It was doubtless the intention that those blanks should be filled and delivered to the persons insuring, and that the instrument thus filled should be the evidence of the contract. But the delivery of the policies in blank with such an intention does not necessarily operate as a limitation of his powers. He obviously had authority to bind the company on receipt of the established rate of premium to the extent set forth in the policy, whether a policy was in fact issued or not.

If by any accident the book of blanks had been destroyed, and yet the agent had continued to receive premiums, promising thereafter to deliver policies properly filled up, it would not be pretended that the company was not bound, unless he was permitted to bind the company only by a written or printed policy.

In Angell on Fire and Life Insurance (§ 33), it is said: "In commercial towns actions on mere agreements to insure, whether against fire or perils of the sea are not uncommon, and they are always sustained whenever it appears that the terms of the agreement have been fully settled by the concurrent assent of the parties, so that nothing remains to be done but to deliver the policy. (*Kelly* v. *Commonwealth Ins. Co.*, 10 Bosw., 82.) In case of such an agreement, and refusal to deliver a policy, equity would give relief either by compelling the insurance company to deliver the policy, or decree the payment of the money. (Angell, § 34; *Perkins* v. *Washington Ins. Co.*, 4 Cowen, 645.)

That the plaintiff was equitably entitled to a policy cannot be seriously questioned. Indeed, a court of equity would decree the payment of the amount agreed to be paid, if the plaintiff could prove performance of the conditions in the established form of policy.

The conditions subsequent, which the plaintiff was bound to perform in order to render the defendant liable, were to furnish proofs of the accident and injury within seven months of the accident, without suppression of any material facts.

The proofs were furnished within the seven months after

the injury, and no objection is raised to them on the appellant's points, except that plaintiff omitted to disclose the fact that he commenced work in January; was discharged in a few days thereafter by his employer because of intemperance, and that he concealed the injury to his knee by reason of his foot being caught in the stairs on or about the eighteenth September. The intemperance of the plaintiff was wholly immaterial in the case, unless it contributed in some degree to cause the injury. No such thing is pretended. And the intemperance spoken of by the witnesses occurred after the injury. If it existed before, it is not proved.

The injury to the knee on or about the eighteenth September, was not disclosed. It was a fact quite important for the defendant to know. But the suppression of an important fact is not enough, it must be the suppression of a fact *relating to the accident or injury*, and the accident or injury to which the proofs must relate, and as to which there must be no concealment is the one insured against, and which in this case happened on the second September. There was no concealment as to that.

The referee finds that total inability to labor continued from the eighteenth September until the middle of March. He obviously did not consider the attempt made by the plaintiff to work on the first day of January, as any evidence of his ability to do so. On the contrary, the facts found show that he was in truth unable to labor.

If it should be held that an action could not be maintained upon the contract as one of insurance, it could be maintained on the facts stated in the complaint on the contract to prepare and deliver to him a policy of insurance. It was held in *Lightbody* v. *North Am. Ins. Co.* (*supra*), that such an action could be maintained, and the damages would be the same as in an action on the policy  In that case the defendant's agent had agreed to take the risk, and the premium was paid to him, and he gave a receipt therefor promising to deliver the policy in a few days. He refused on demand to

Rhodes *v.* The Railway Passenger Insurance Company.

deliver it, and the defendant denied his agency and its liability on his contract.

I entertain no doubt but that the plaintiff could maintain an action against the defendant for the recovery of such damages as were recoverable under the policy, by reason of injuries sustained by him during the twenty-four hours immediately succeeding the application to defendant's agent to insure him.

The important question in the case is, whether any damages have been sustained for which the defendant is liable within the true intent and meaning of the policy.

I take it for granted that the plaintiff can recover only according to the terms and conditions of the policy, whether his action is on the contract of insurance or on the agreement to deliver a policy.

By the policy, the defendant is liable only for " *loss of time from the time of the accident and injury, which totally disabled and prevented from all kinds of business, by reason of bodily injuries effected during the term of the policy through violent or accidental means.*"

Has there ever been a total disability resulting from the injury insured against?

While the policy is to be liberally construed, its provisions cannot be disregarded. To make the defendant liable, total disability to labor must be shown. The referee finds that there was total disability from the eighteenth of September, but he also finds that plaintiff sustained on or about the eighteenth an additional injury, and it was not until after that additional injury that the disability became total. While suffering from the injury resulting from the accident insured against, the disability was partial only, and it is not shown that, from the nature of the injury, it would, at any future time, render plaintiff totally incapable of labor.

Had it appeared that, from the nature of the injury, the plaintiff would, at some time, become incapable of labor, by reason of it, it might be that the happening of a second injury would not deprive the plaintiff of the right to recover

the damages sustained by him; but when it is shown that, for sixteen days after the injury, the plaintiff was able to labor, and that before he became incapable, another and additional injury was sustained, it is impossible to hold that he ever became totally incapable from the injury insured against.

The judgment of the referee must be reversed and a new trial granted; costs to abide the event.

Judgment reversed.