STEPHEN S. JOHNSON, JR., Respondent, *v.* THE TRAVELERS INSURANCE COMPANY, Appellant.

(Argued December 9, 1935; decided January 8, 1936.)

*Bernard J. McGlinn, Louis P. Galli* and *William J. Moran* for appellant.  Plaintiff's proof showed neither total nor partial loss of time continuously from the date of accident.  Upon this showing the complaint should have been dismissed.  (*Irwin* v. *Travelers Ins. Co.*, 243 App. Div. 377; *Ruffino* v. *Metropolitan Life Ins. Co.*, 154 Misc. Rep. 628; *Hagadorn* v. *Masonic Equitable Accident Assn.*, 59 App. Div. 321; *Rhodes* v. *Railway Passenger Ins. Co.*, 5 Lans. 71; *Martin* v. *Travelers Ins. Co.*, 310 Mo. 411; *Buford* v. *North American Accident Ins. Co.*, 3 Fed. Rep. [2d] 263; *Thompson* v. *General Acc. Fire & Life Assur. Co.*, 155 La. 31; *Lewis* v. *Preferred Accident Co.*, 151 Wash. 396; *Masonic Protective Assn.* v. *Farrar,* 73 Ind. App. 19; *Letherer* v. *U. S. Health & Accident Ins, Co.*, 145 Mich. 310; *Walter* v. *Mutual Ben. Assn.*, 208 Iowa, 894; *McDaniel* v. *Business Men's Assur. Co.*, 6 S. W. Rep. [2d] 337; *Penquite* v. *General Accident Fire & Life Corp.*, 121 Kan. 174; *Robinson* v. *Masonic Protective Assn.*, 87 Vt. 138; *Southern Surety Co.* v. *Penzel*, 164 Ark. 365; *Coburn* v. *Maryland Casualty Co.*, 224 Ky. 377; *Smith.* v. *U. S. National Life & Casualty Co.*, 101 Cal. App.

79; *Burrell* v. *Provident Life & Accident Ins. Co.,* 162 Tenn. 672.)

*Neil P. Cullom* and *Henry W. Steingarten* for respondent. Plaintiff was wholly and continuously disabled from the date of the accident. (*Harasymczuk* v. *Massachusetts Accident Co.,* 127 Misc. Rep. 344: *Rathbun* v. *Globe Indemnity Co.,* 107 Neb. 18; *Kremper* v. *Police & Firemen's Ins. Assn.,* 48 S. W. Rep. [2d] 978; *Collis* v. *Massachusetts Bonding & Ins. Co.,* 236 App. Div. 525; 264 N. Y. 447; *United States* v. *Spaulding,* 293 U. S. 498; *Brendon* v. *Traders & Travelers' Acc. Co.,* 84 App. Div. 530; *Booth* v. *Fidelity Ins. Co.,* 130 Atl. Rep. 131; *Massachusetts Protective Assn.* v. *Lewis,* 72 Fed. Rep. [2d] 952; *American Liability Co.* v. *Bowman,* 114 N. E. Rep. 992; *Jones* v. *Fidelity & Casualty Co.,* 207 N. W. Rep. 179; *Lobdill* v. *Laboring Men's Mut. Aid Assn.,* 69 Minn. 14; *Kemper* v. *Police & Firemen's Ins. Assn.,* 44 S. W. Rep. [2d] 978; *Claxton* v. *American Casualty Ins. Co.,* 158 Pac. Rep. 544; *Erickson* v. *Commercial Travelers Ins. Co.,* 176 Pac. Rep. 989; *Continental Casualty Co.* v. *Matthis,* 150 S. W. Rep. 507; *Rorabaugh* v. *Great Eastern Casualty Co.,* 200 Pac. Rep. 587; *Silverstein* v. *Metropolitan Ins. Co.,* 254 N. Y. 81; *Bird* v. *St. Paul Ins. Co.,* 224 N. Y. 47.)

O'BRIEN, J. Defendant issued a policy insuring plaintiff against loss resulting from accidental body injuries " as specified in the following Schedule, subject to the provisions and limitations hereinafter contained." The schedule provides for total loss of time for injuries which shall " wholly and *continuously* disable the Insured *from date of accident* from performing any and every kind of duty pertaining to his occupation," and for partial loss of time which shall " wholly and *continuously* disable the Insured *from date of accident* from performing one or more important daily duties pertaining to his occupation, or for like *continuous* disability following total loss of

time." Plaintiff's application for this policy stated that his duties consisted of office duties and traveling. The complaint alleges that on October 22, 1932, plaintiff received an accidental injury which *immediately wholly disabled him* from performing any and every kind of duty pertaining to his occupation and will so disable him for some time in the future. During the trial plaintiff introduced a statement or computation of damages in which the claim is made for $11,583.57 for continuous disability from performing any and every kind of duty pertaining to his occupation from November 21, 1932, to March 21, 1934, and for continuous disability from performing one or more important daily duties pertaining to his occupation from March 21, 1934, to September 19, 1934. At the close of the trial at the court's suggestion, in view of this statement or computation, plaintiff's counsel moved and was granted the privilege of conforming the complaint to the proof. The judgment entered upon the verdict for upwards of $16,000 in plaintiff's favor has been unanimously affirmed. The question of law is whether there is any evidence proving *a continuous disability from the date of the accident* within the reasonable meaning of those words as used in the policy.

On October 22, 1932, plaintiff, while assisting another man to lift a box of books from the rumble seat of an automobile, received an injury concerning the nature of which he was unaware until November 16, 1932. On December 19, 1932, defendant received from him a proof of claim containing these questions and answers:

" Describe the injuries sustained: Severe injury to lower back. Total Loss of Time? (means the period during which the insured was disabled from performing any and every kind of duty pertaining to his occupation). From November 29, 1932, 9 o'clock P. M. Still totally disabled.

" Partial Loss of Time? (means the period during which the insured was disabled from performing one or more important daily duties pertaining to his occupation).

From October 22, 1932, 7:30 o'clock P. M. to October 29, 1932, 9 o'clock P. M.

" If partially disabled name the important daily business duties you could not perform: Difficulty in walking and travelling."

The allegations in the complaint and the statements in the proof of claim are at variance. The complaint alleges that the accident of October 22, 1932, immediately wholly disabled plaintiff from performing any and every kind of duty pertaining to his occupation and that it would so disable him for some time in the future. The proof of claim states the total loss of time as extending from November 29, 1932, to the date of the notice, December 15, 1932, and still continuing, and the partial loss of time as extending from October 22, 1932, to October 29, 1932. The computation of damages submitted at the trial gives the date as November 21 instead of November 29. The only partial disability immediately following the accident of October 22, 1932, which disabled plaintiff from performing one or more important daily duties pertaining to his occupation is, according to the proof of claim, " Difficulty in walking and travelling," and this difficulty is not shown to have impeded the performance of his duties.

At the time of the accident, which occurred in Ponca City, Oklahoma, plaintiff was an engineer and the western sales representative of M. W. Kellogg Company, a corporation which manufactured machinery for chemical and oil industries. He was in that city for the purpose of selling machinery to a man named Osborn. The accident occurred on a Saturday evening October 22, 1932, and at that time plaintiff did not realize that he had sustained any injury. He felt a little kink, a little stiffness in his back and thought very little of it at the time. He continued to assist his friends in removing the other boxes of books from the car. After the accident that evening he went to an entertainment and on the next day, Sunday,

filled an appointment at Mr. Osborn's office, spent an hour there and eventually sold him the machinery. The rest of the day he spent socially at the Osborn home and in the evening went to a motion picture and walked back to his hotel. On Monday he attended another conference with Mr. Osborn and other engineers in respect to reconstructing an oil refinery at Ponca City and at this conference he offered designs and calculations. It lasted several hours in the morning and part of the afternoon and plaintiff was at the disposal of these men all day. When he was not attending the conference, he worked at his hotel on plans and specifications and conferred intermittently all week. Nearly every day he went out to the refinery of the Continental Oil Company on business of his employer. At the end of the week the sale was consummated and plaintiff, alone, took a day train for Wichita, Kansas, and thence by sleeping car to San Francisco where his presence had been requested. There on the following Monday, October 31, he consulted with the vice-president of his corporation and several engineers in reference to the installation of a plant for the Associated Oil Company at Avon, California. During his stay at San Francisco he was driven twenty miles with others to the refinery at Avon for inspection. On election day he walked from his hotel to the City Hall in San Francisco to listen to an address by President Hoover. During this time his foot troubled him and he consulted a physician in San Francisco. A few days thereafter he left alone by train and arrived at New York about the 11th or 12th. On the 16th his physician examined him and found that the fifth vertebra had slipped forward and caused a lameness in the leg. He traveled by train from Summit, New Jersey, where he lived, to New York and visited the office of the M. W. Kellogg Company each day until he entered the hospital November 29, 1932, where he remained until February, 1933. On December 5, 1932, he submitted to an operation and was encased in a

plaster cast and he so remained for five months. In March, 1934, he resumed his duties and at the date of the trial attended at the office on routine office work from nine o'clock until three or four o'clock. This narrative is founded entirely upon plaintiff's testimony and that of his physician and leaves no doubt that from the date of the accident, October 22, until November 29 not only was he not continuously disabled from performing any and every kind of duty pertaining to his occupation but that he was in no sense disabled from performing one or more important daily duties pertaining to his occupation. There was no loss of time, neither total nor partial, from October 22 to November 29. The loss of time did not begin until five weeks subsequent to the accident and consequently his injury did not disable plaintiff continuously from the date of the accident.

Plaintiff argues that literal interpretation should not be placed upon the terms of the policy. Unless we are prepared to adopt the theory of the cynic that language was invented for the purpose of concealing thought, we have no right to disregard the clear provisions which defendant inserted in the policy and which plaintiff accepted. No idea could be more clearly expressed than that the thought of both parties to this contract was to indemnify for loss of time beginning contemporaneously with the accident. The expression " continuously from date of accident " can convey no conception other than an immediate disability. Indeed the complaint alleges that the accidental injury sustained by plaintiff on October 22, 1932, *immediately* disabled him and, if any evidence tended to support such an allegation, this judgment would be correct. The proof, however, shows that he was in no respect disabled prior to November 21, and probably not before November 29, and the pleading as amended to conform to such proof cannot state a cause of action on this policy. Defendant did not contract to indemnify plaintiff merely for loss of time; the agreement

relates to loss of time beginning with the accidental injury. To give force to language expressing a clear intent does not result in "absurd literalism." In many instances disability may be caused by an event so remote that causal connection is difficult and sometimes impossible to trace. Even in this case plaintiff as late as November 28 was unable definitely to assign the cause of his disability. On that date he notified defendant in writing that his back had been injured as a result of "*two* recent accidents." He then thought that his injury might have been caused by an accident in September when a boat fell upon his shoulders. Doubtless the provision relating to disability from the date of the accident is in the policy for the purpose of rendering possible the ascertainment of the cause of the disability. Contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous the terms are to be taken and understood in their plain, ordinary and proper sense. (*Preston* v. *Ætna Ins. Co.*, 193 N. Y. 142, 144; *Abrams* v. *Great American Ins. Co.*, 269 N. Y. 90.)

Respondent cites *Collis* v. *Massachusetts Bonding & Ins. Co.* (236 App. Div. 525; affd., 264 N. Y. 447) as controlling the facts in this case. We think that it does not apply. There the policy of health insurance provided that " if such illness shall immediately, continuously and wholly disable and prevent the insured from performing any and every kind of duty pertaining to his occupation " the insurer would pay indemnity. The complaint in that action alleged and the answer denied that plaintiff was disabled by illness from July 1, 1928, to November 1, 1928. The memorandum report in this court (264 N. Y. 447) discloses that there was testimony that on July 3 plaintiff left his place of business and on the advice of his physicians went to Europe, not returning until November 6, and that on such testimony the Appellate Division

found as facts, reversing contrary findings by the trial court, that plaintiff was disabled by illness and prevented from performing any and every kind of duty pertaining to his occupation from July 3 to November 6. A variation of two days between the allegation of the complaint and the proof is not sufficient to warrant a finding that the disability was not immediate. The principle announced in such decisions as *Rhodes* v. *Railway Passenger Ins. Co.* (5 Lans. 71, 77) and *Buford* v. *North American Accident Ins. Co.* (3 Fed. Rep. [2d] 263, 264) is applicable here where there is no evidence that plaintiff's injury prevented him from substantially performing the duties of his occupation until an interval of four or five weeks had elapsed. Here the complaint alleges an immediate disability as of October 22 and we find no evidence in the record that plaintiff was prevented from substantially performing all his duties until November 21 and perhaps November 29. Not only did he attempt to work but he did work and received his salary at least as late as November 11.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN and FINCH, JJ., concur; CROUCH, J., not sitting.

Judgments reversed, etc.