MATILDA LEONARD DUPEE, Respondent, v. THE TRAVELERS INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Appellant.

Second Department, February 11, 1938.

*William A. Roe* [*Louis P. Galli* and *William J. Moran* with him on the brief], for the appellant.

*Alfred L. Weiss* [*Sydney U. Cohn* with him on the brief], for the respondent.

ADEL, J. The defendant issued a policy of insurance on the life of Justin R. Dupee wherein it agreed to pay $2,500 to the designated beneficiary, the plaintiff herein, upon the insured's death. That sum was paid and is of no concern on this appeal. The policy contained an " Additional Indemnity Contract " wherein the defendant agreed to pay to the beneficiary an additional $2,500 in the event the death was proved to have resulted from bodily injuries effected through external, violent and accidental means, of which there is a visible contusion or wound on the exterior of the body.

There is evidence that the insured died from sunstroke, with an acute heart condition as a secondary cause of death; but from the uncontradicted testimony the jury could properly have found that the sole cause of death was sunstroke; and for the purposes of this appeal I believe such a finding should be adopted.

The text of the additional indemnity contract, so far as relevant, reads as follows:

" The Travelers Insurance Company agrees to pay to the Beneficiary named in the above numbered Life Contract the amount of Additional Indemnity above stated in addition to the amount of insurance payable in the event of the death of the Insured under the said Life Contract immediately upon receipt of due proof that the death of the said Insured has resulted from bodily injuries effected directly and independently of all other causes through external, violent and accidental means within ninety days from the date of the accident which shall have caused such injuries and of which, except in the case of drowning or internal injuries revealed by an autopsy, there is a visible contusion or wound on the exterior of the body, and provided such death does not result from

" (a) Disease of any kind, directly or indirectly."

The insured was employed as a supervisor of a scenic railway in Coney Island, and as part of his duties he was frequently on the structure, and necessarily exposed to the sun's rays. He had been engaged in this occupation for eight years. In 1934 he began his employment for the season when the railway opened in March. On July second, which was a hot and humid day, he was on his way home in an automobile at about four-thirty in the afternoon. He fainted in the automobile and was taken to a hospital, where he was treated for sunstroke, and died the next day.

As to whether or not there was a visible contusion or wound on the exterior of the body, the testimony is that the insured's face and head were very red, redder than usual, and his face was somewhat swollen. The doctor who treated the insured testified that sunstroke or sunburn is a first degree burn; and further, " Inasmuch as a burn is considered a wound, and sunburn is considered a burn, it must be considered a wound." On cross-examination the doctor testified: " Q. You just testified that he had a sunburn, first degree? A. Yes. Q. That is the mildest kind of a burn, is it not? A. Yes. Q. It is just a redness that all of us experience when we are out in the open and the sun rays beat down upon us in the summer time? A. Yes. Q. You didn't see any visible cut or wound, did you? A. No. Q. And the skin was not broken? A. No."

Another physician, testifying as an expert, gave an opinion that sunburn is considered a first degree burn, and a first degree burn is medically considered a wound.

The defendant insurer rejected the claim for additional indemnity, taking the position that there was no proof that the death was caused in a manner contemplated by the contract; but the jury has found otherwise, and plaintiff has been awarded judgment for $2,500 plus interest.

There does not appear to be in any jurisdiction a decision which holds that the effects of sunstroke constitute proof of " a visible contusion or wound on the exterior of the body." On the medical testimony in this action it could be found that doctors would consider sunburn a " wound," but the courts have stated repeatedly that the language in insurance policies is not to be construed like words of art, but is to be given such meaning as the average policyholder, as well as the insurer, would attach to it. (*Paist* v. *Ætna Life Ins. Co.*, 60 F. [2d] 476, 477; *Johnson* v. *Travelers Insurance Co.*, 269 N. Y. 401, 407, 408; *Abrams* v. *Great American Ins. Co.*, Id. 90, 92.)

*Paist* v. *Ætna Life Ins. Co.* (54 F. [2d] 393) is a case involving death by sunstroke, and a policy quite similar to the one at bar was under consideration. The opinion of the district judge states (p. 395): " To hold that a flushed, sunburned face is a wound or contusion would be straining language far beyond any reasonable meaning which could be assigned to it. It might be just possible to bring it under the definition of wound given by the Century Dictionary as the meaning of the word in medical jurisprudence and cited by the plaintiff, but in insurance policies courts have again and again refused to adopt technical definitions and have adhered to the ordinary and popular meanings of words used.

There is no reason why this rule should not work both ways. Certainly, in ordinary parlance 'contusion' is almost exactly synonymous with 'bruise,' and to say that a flushed countenance is a wound would go beyond the limit of allowable interpretation." This view was upheld by the Circuit Court of Appeals (60 F. [2d] 476, *supra*), where the opinion reads (at p. 477): "We find no error in such view. We are here dealing with a written contract in which the parties agreed that the accident against which the insured was indemnified was one 'evidenced by a visible contusion or wound on the exterior of the body.' These words 'contusion,' 'wound,' 'visible on the exterior of the body,' are of well-known commonly understood meaning. 'Contusion,' which has as its Latin origin, 'con' and 'tundere,' to strike, means a bruise or wound caused by a blow, but where, as here, no physical blow is struck, where there is no bruising, where the skin is not blow-bruised or blow-broken, certainly, in common speech and common understanding, the death of the plaintiff's husband from sunstroke cannot be said to be 'evidenced by visible contusion or wound on the exterior of the body.'"

*Bender* v. *Ridgely Protective Assn.* (235 App. Div. 896; affd., 262 N. Y. 685) is also a case involving death by sunstroke. The policy provided for payment if the death resulted from accidental causes and "leaving visible marks of wounds, fracture or dislocation upon the body of the insured." The evidence was that the deceased was "pale, cold and clammy and bathed in profuse perspiration." The memorandum of the Appellate Division states: "Judgment and order reversed on the law, with costs, and complaint dismissed, with costs. The policy has been erroneously construed. It clearly covers death and disability cases of one character only, viz., those wherein the injuries are solely those caused both accidentally and through causes not only violent, external and involuntary, but those leaving visible marks of wounds, fractures or dislocations upon the body of the insured. No such injuries were proved."

The most reasonable and unstrained construction of the policy in suit, therefore, would seem to be that it does not contemplate that a very red face and head, with the face somewhat swollen, is evidence of a visible contusion or wound on the exterior of the body. I think this conclusion must be accepted notwithstanding that the courts are disposed to construe policies of insurance liberally and most favorably to beneficiaries, and that there are decisions that have permitted recoveries in cases where no mark visible to the eye was left on the body. These cases, however, do not involve sunstroke nor was there a specification in the contracts that there

be " a visible contusion or wound on the exterior of the body;" and the nature and extent of the holdings have been explained in *Rosenthal* v. *American Bonding Co.* (207 N. Y. 162).

In the policy in suit there are two causes of accidental death for which the insurer agreed to pay without proof of a visible contusion or wound on the exterior of the body, namely, drowning and internal injuries revealed by autopsy. It is not claimed that there is in the case evidence of either of these causes of death; nor is there in the case any evidence of a visible contusion or wound on the exterior of the body. For the purposes of this appeal we have assumed, without deciding, that the death of the insured resulted from accidental means.

The order of the Appellate Term should be reversed on the law, the judgment of the City Court vacated and the complaint dismissed, with costs in all courts.

JOHNSTON, TAYLOR and CLOSE, JJ., concur; HAGARTY, J., dissents and votes to affirm.

Order of Appellate Term affirming a judgment of the City Court of the City of New York, County of Kings, reversed on the law, judgment of the City Court vacated and complaint dismissed, with costs in all courts.