■ WILLIAM BACKER, Appellant, v. NEWARK INSURANCE COMPANY, Respondent.— STALEY, JR., J. Appeal from an order of the Supreme Court at Special Term, entered February 17, 1969 in Albany County, which granted respondent's motion for summary judgment dismissing the complaint. Appellant, the owner of a parcel of real property in the Village of Stillwater, obtained a fire insurance policy from respondent containing an extended coverage indorsement which provided as follows: " This policy is extended to insure against direct loss by * * * vehicles * * * except as herein provided." " Loss by * * * vehicles shall include, only direct loss resulting from actual physical contact of * * * a vehicle with the property covered hereunder ". In the month of April, 1967 appellant entered into an agreement with one De Russo for the removal of some boilers from the building on the Stillwater property. On April 17, 1967 it appears that De Russo attached one end of a 100 foot cable to his truck and hooked the other end to a boiler tank and proceeded to pull the tank from the building through a doorway. In the process of dragging the tank, a barrel which supported a beam or an upright to a beam was dislodged causing the roof of the building to sag about 8 to 10 inches and resulting in alleged damages of $8,025.94. Respondent denied coverage under its policy and appellant brought this action to recover his damages alleging that the damages were sustained as the result of the negligent operation of a motor vehicle by De Russo. In its answer respondent asserted, as an affirmative defense, that its liability under the policy extended only to direct loss resulting from actual physical contact of a vehicle with the property, and the loss alleged by plaintiff was not a direct loss resulting from actual physical contact of a vehicle. Respondent moved for summary judgment upon its affirmative defense and Special Term granted the motion. Appellant contends that the word " vehicle " in the policy includes not only the vehicle itself, but every accessory piece of equipment attached thereto and thus encompasses the 100 foot long cable which was attached to De Russo's truck. " Rules for the construction of contracts of insurance do not differ from those to be applied to the construction of other contracts. When the terms used are clear and unambiguous, they are generally to be taken and understood in their plain, ordinary and proper sense (*Johnson* v. *Travelers Ins. Co.*, 269 N. Y. 401, 408). But resort to a literal construction may not be had where the result would be to thwart the obvious and clearly expressed purpose which the parties intended to accomplish or where such a construction would lead to an obvious absurdity (*Silverstein* v. *Metropolitan Life Ins. Co.*, 254 N. Y. 81)." (*McGrail* v. *Equitable Life Assur. Soc. of U. S.*, 292 N. Y. 419.) The construction sought by the appellant does not meet the above test. Order affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Staley, Jr., J.