OPINION OF THE COURT

Per Curiam.

Where insurance policies provided that additional benefits would be paid upon proof that the insured’s death resulted from external, violent and accidental means evidenced by a visible exterior wound, and that supplemental benefits would be paid if death occurred before a specified date, the beneficiary raised no triable issue of fact concerning her right to recover either additional or supplemental benefits by presenting evidence of the insured’s unexplained disappearance, and summary judgment should have been granted in favor of the insurers dismissing her claims.
*238 Respondent’s husband, Gabriel Caporino, disappeared on March 7,1974, while in New Orleans on a business trip. The circumstances of his disappearance have never been explained, and his body has not been found. In November, 1979, the Surrogate’s Court decreed Caporino to be dead due to his unexplained absence and, pursuant to EPTL 2-1.7, fixed the date of his death as March 7, 1979 — five years from his disappearance — on the ground that there was no proof that Caporino was exposed to a specific peril of death before that date, as is required for a finding that death occurred earlier. At the time of his death Caporino held life insurance policies issued by appellants, Travelers Insurance Company and Prudential Insurance Company of America, each of which named respondent as beneficiary. Upon the Surrogate’s decree, each appellant paid respondent the face amount of its policy.
At issue on this appeal is respondent’s entitlement to additional benefits under an “additional indemnity provision” and “supplemental agreement” in the Travelers policy, and an “accidental means death benefit” in the Prudential policy. The relevant language of the accidental death benefit provision in the Travelers policy is as follows: “THE TRAVELERS INSURANCE COMPANY agrees to pay to the Beneficiary named in the above-numbered Life Contract, the amount of Additional Indemnity above stated in addition to the amount of insurance payable in the event of the death of the Insured under the said Life Contract immediately upon receipt of due proof that the death of the said Insured has resulted from bodily injuries effected directly and independently of all other causes through external, violent and accidental means within ninety days from the date of the accident which shall have caused such injuries and of which (except in the case of drowning or internal injuries revealed by an autopsy) there is a visible contusion or wound on the exterior of the body, and provided such death does not result from a risk stated herein as not assumed.” The Prudential policy has a similar clause which also requires “due proof” of death “solely through external, violent and accidental means” that is “evidenced by a visible contusion or wound on the exterior of the body.” The Travelers policy, in addition, *239 contains a supplemental agreement that provides in pertinent part: “The Travelers Insurance Company agrees that if the insurance under the above numbered life contract shall become payable by the death of the Insured prior to the above Termination Date [September 14, 1978], the amount payable to the Beneficiary under the life contract shall be increased by the amount of supplemental benefit stated above [$10,000].”
After appellants refused to pay the additional benefits under these provisions, respondent brought suit to recover and appellants separately moved for summary judgment. At Special Term, Travelers’ motion was granted, and Prudential’s motion denied. In a combined appeal, the Appellate Division reversed the grant of summary judgment to Travelers and affirmed the denial to Prudential. The Appellate Division granted each appellant leave to appeal on a certified question. We now reverse. In view cf respondent’s failure to present any evidentiary facts showing accidental death and visible exterior wounds, or that death occurred prior to September 14, 1978, there is no basis for recovery under the additional benefit provisions of either insurance policy.
The additional benefit provisions at issue in both the Travelers and Prudential policies are unambiguous, and as such their construction is solely a question of law for the court. (Hartford Acc. & Ind. Co. v Wesolowski, 33 NY2d 169, 172.) We may not disregard clear provisions which the insurers inserted in the policies and the insured accepted (Johnson v Travelers Ins. Co., 269 NY 401, 407), and equitable considerations will not allow an extension of coverage beyond its fair intent and meaning in order to obviate objections which might have been foreseen and guarded against (Breed v Insurance Co. North Amer., 46 NY2d 351, 355; Weinberg & Holman v Providence Washington Ins. Co., 254 NY 387, 391).
Under the accidental indemnity provision contained in each policy, respondent may not recover unless she presents due proof that her husband’s death resulted from violent or accidental bodily injuries, including evidence of visible contusions or wounds on the exterior of his body. (Dupee v Travelers Ins. Co., 253 App Div 278, 281, affd 278 *240 NY 659.) The appellant insurers had the perfect right, if they saw fit, to require proof of such evidentiary facts as an indispensable basis for recovery (Rosenthal v American Bonding Co., 207 NY 162, 169). Respondent has the burden of satisfying the particular requirements of the contract, and may not rest on the fact of her husband’s absence or circumstantial evidence that he could have died an accidental or violent death. (Stirk v Mutual Life Ins. Co., 199 F2d 874.) Here, respondent has raised no issue of material fact as to her right to recover the additional benefits, and appellants are entitled to judgment as a matter of law.
Respondent has similarly failed to raise any issue of material fact as to her right to recover the “supplemental benefit” payable under the Travelers policy for death of the insured prior to September 14, 1978. Although respondent now claims that the date of death for such purposes should be the date of her husband’s disappearance in 1974, she has presented no evidentiary facts that would support a finding that his death occurred on that date or at any time before the September 14, 1978 termination date. Thus, the death of respondent’s husband falls outside the scope of the provision allowing supplemental benefits, and appellant Travelers is entitled to judgment as a matter of law on this claim as well.
Accordingly, the order of the Appellate Division should be reversed, with costs, summary judgment granted in favor of appellants, the complaint dismissed as against them, and the certified questions answered in the negative.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur in Per Curiam opinion.
Order reversed, etc.