OPINION OF THE COURT
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, for the reasons stated in the opinion by Justice Leonard H. Sandler at the Appellate Division (113 AD2d 319). We add only that the language in defendant Chubb Group’s policy excluding from coverage the owner of a hired auto where the auto is otherwise covered, is contrary to other language in the Chubb policy stating that "[f]or any covered auto you don’t own, the insurance provided by this policy is excess over any other collectible insurance”, and is ineffective in the face of the Northbrook policy language providing that "if other valid and collectible insurance is available to any
 
 interest
 
 such
 
 interest
 
 shall not become an insured with respect to this coverage until all other applicable coverage available to them has been exhausted” (emphasis supplied). The driver of the accident vehicle was an "interest” covered by the Chubb policy. Nor is this case distinguishable from
 
 State Farm Fire & Cas. Co. v LiMauro
 
 (65 NY2d 369) and
 
 Allstate Ins. Co. v Farmers Ins. Group
 
 (67 NY2d 924) on the basis of the large premium paid for the Northbrook policy. Such premium, based on annual car sales by Chrysler Corporation, DRAG’S parent company, provided extraordinarily comprehensive coverage for a wide range of corporate liabilities, and it cannot therefore be determined whether the rate, insofar as applicable to cars owned and leased out by DRAG, reflected insurance of a reduced risk.
 

 
 *1019
 
 Concur: Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr.