■ MITCHELL GELMAN et al., Plaintiffs, v THOMAS DWYER et al., Defendants. THOMAS DWYER, Third-Party Plaintiff-Appellant, v AVIS CORP. et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. (And Another Third-Party Action.)—In a second third-party action for a judgment declaring that the second third-party defendant Liberty Mutual Insurance Company has a duty to defend and indemnify Thomas Dwyer in the first third-party action entitled "Lakeover Golf & Country Club v Dwyer & Avis Corp.", presently pending in the Supreme Court, Nassau County, under index No. 16167/85, the second third-party plaintiff, Thomas Dwyer, appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (Winick, J.), dated November 30, 1988, as granted the motion of the second third-party defendant Liberty Mutual Insurance Company for summary judgment dismissing the second third-party action as against it, and (2) so much of an order of the same court, dated April 19, 1989, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated November 30, 1988, is dismissed, as that order was superseded by the order

dated April 19, 1989, made upon reargument; and it is further,

Ordered that the order dated April 19, 1989, is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment declaring that the second third-party defendant Liberty Mutual Insurance Company has no duty to defend and indemnify Thomas Dwyer in the first third-party action entitled *"Lakeover Golf & Country Club v Dwyer & Avis Corp."*, presently pending in the Supreme Court, Nassau County, under index No. 16167/85; and it is further,

Ordered that Liberty Mutual Insurance Company is awarded one bill of costs.

The terms of the insurance policy in question, issued by the second third-party defendant Liberty Mutual Insurance Company (hereinafter Liberty Mutual), clearly and unambiguously provide that Liberty Mutual's coverage and its duty to defend were being afforded only to the second third-party defendant Avis Corp. (hereinafter Avis), and not to any of Avis' employees *(see, Government Employees Ins. Co. v Kligler*, 42 NY2d 863; *Johnson v Travelers Ins. Co.*, 269 NY 401; *Stainless, Inc. v Employers Fire Ins. Co.*, 69 AD2d 27, 32, *affd* 49 NY2d 924). Accordingly, under these circumstances, Liberty Mutual has no duty to defend or indemnify Thomas Dwyer, an employee of Avis. Mangano, P. J., Thompson, Miller and Ritter, JJ., concur.