■ QUENTIN T. RAINO, Doing Business as Q. COINS, Respondent, v NAVIGATORS INSURANCE COMPANY, Appellant. [702 NYS2d 94] —In an action to recover damages for breach of an insurance contract, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Thomas, J.), dated December 10, 1998, which, upon granting the plaintiff's motion for summary judgment on the complaint and denying its cross motion for summary judgment dismissing the complaint, is in favor of the plaintiff and against it in the principal sum of $75,000.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff, who operated a coin dealership from his residence, purchased a coin dealer insurance policy from the defendant. On November 16, 1994, at approximately 1:00 P.M., several men entered the plaintiff's residence while he was out, subdued his father, and stole his coin inventory, which was located in the attic. The defendant disclaimed coverage on the basis that the theft had occurred during non-business hours, and the coins were not in a safe during that time, as required by the policy. The plaintiff commenced this action to recover damages for breach of contract.

It is well settled that the construction of terms and conditions of an insurance policy that are clear and unambiguous presents a question of law to be determined by the court when the only issue is whether the terms as stated in the policy ap-

ply to the facts (*see, Dubay v Trans-America Ins. Co.,* 75 AD2d 312). However, it is equally well settled that "where the provisions of the policy are clear and unambiguous, they must be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement" (*GEICO v Kligler,* 42 NY2d 863, 864).

Here, section 5 (J) of the policy excludes coverage for "[l]oss by theft for more than $10,000 of property not kept in a locked safe or vault during any non-business hours". In addition, pursuant to section 9 (A), the plaintiff agreed that any protection provided for the safety of the insured property "shall be in use at all times out of business hours". The policy does not define the terms "non-business hours" or "business hours".

"Business hours" has been defined as "those hours during which persons in the community generally keep their places open for the transaction of business" (*Casalduc v Diaz,* 117 F2d 915, 916, *cert denied sub nom. Casalduc v Gonzalez,* 314 US 639). Here, the theft occurred during the middle of what is commonly understood to be the business day, and certainly during the middle of the plaintiff's customary hours of operation from 10:00 A.M. to 6:00 P.M. The fact that the plaintiff was not home is immaterial since the plaintiff's father, who also participated in the running of the business, was present. Thus, neither section 5 (J) nor section 9 (A) of the policy are applicable.

Furthermore, contrary to the defendant's contention, the provision of section 9 (A) requiring the coins to be protected "when the insured's premises are left unattended" is inapplicable since the plaintiff's father was present on the premises at the time of the theft.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Altman, Schmidt and Smith, JJ., concur.