■ LAURENCE LOSCALZO, Appellant, v PALMERINO A. LUPINACCI, Respondent. [712 NYS2d 175] —In an action to recover damages for breach of an indemnification agreement, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated August 23, 1999, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the action is barred by the Statute of Limitations and (2), as limited by his brief, from so much of an order of the same court, dated December 13, 1999, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated August 23,

1999, is dismissed, as that order was superseded by the order dated December 13, 1999, made upon reargument; and it is further,

Ordered that the order dated December 13, 1999, is reversed insofar as appealed from, the motion is denied, the order dated August 23, 1999, is vacated, and the complaint is reinstated; and it is further,

Ordered that the appellant is awarded one bill of costs.

The defendant's contention that the action is time-barred because it was commenced more than six years after the plaintiff's obligation to pay a tax assessment to the New York State Department of Taxation became due is without merit. The plaintiff alleged a cause of action for indemnification based on an oral agreement between the parties pursuant to which the defendant made an undisputed partial payment. A cause of action for indemnification accrues when the injured party (in this case, the New York State Department of Taxation) has been paid (*see, McDermott v City of New York,* 50 NY2d 211, 219). Here, there is a triable issue of fact as to whether the defendant's undisputed partial payment of almost half of the tax liability and related fees was unequivocally referable to the agreement, thereby removing the agreement from the Statute of Frauds (*see, Spodek v Riskin,* 150 AD2d 358, 360; *Ballan v Waterman,* 103 AD2d 789). Since the plaintiff raised a triable issue of fact as to the existence of an indemnification agreement, and since the plaintiff made payment to the New York State Department of Taxation within six years of commencing an action, the Supreme Court erred in dismissing the complaint as time-barred (*see,* CPLR 213). Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.