■ LANCER INSURANCE COMPANY, Appellant, v UTICA NATIONAL INSURANCE GROUP et al., Respondents. [721 NYS2d 782] —In an action for a judgment declaring that the defendants are obligated to defend and indemnify Peter A. Massie in an underlying personal injury action entitled *Powell v Massie,* pending in the Supreme Court, Suffolk County, under Index No. 2284/96, the plaintiff appeals from an order of the Supreme Court, Nassau County (Davis, J.), dated April 11, 2000, which granted the defendants' motion for reargument and, upon reargument, denied its motion for summary judgment, and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action for a judgment declaring that the defendants are obligated to defend and indemnify Peter A. Massie, to whom they allegedly issued an automobile liability policy, in the underlying personal injury action. Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in granting the defendants' motion for reargument (*see, Perez v Linshar Realty Corp.,* 259 AD2d 532; *Loland v City of New York,* 212 AD2d 674). Moreover, upon reargument, the Supreme Court properly denied its motion for summary judgment and granted the defendants' cross motion for summary judgment dismissing the complaint.

"Clear and unambiguous provisions in an insurance policy must be given their plain and ordinary meaning and courts should refrain from rewriting the agreement * * * Furthermore, while the insured is entitled to the benefit of any ambiguity that might appear in an insurance policy, the court should not strain to find an ambiguity where the language is clear and precise" (*Freedom Cashier v Federal Ins. Co.,* 262 AD2d 353, 354; *see, Johnson v Home Indem. Co.,* 196 AD2d 627; *Rotblut v Connecticut Gen. Life Ins. Co.,* 226 AD2d 617). Here, the Supreme Court correctly determined that the subject

endorsement in Massie's policy, upon which the plaintiff relied in arguing that the defendants were obligated to defend and indemnify him in the underlying action, did not provide coverage under the facts presented.

We have not considered the plaintiff's arguments raised for the first time on appeal (*see, Goldblatt v LaShellda Maintenance Co.,* 278 AD2d 451). Bracken, Acting P. J., Goldstein, H. Miller and Feuerstein, JJ., concur.