■ LYNDA HAMILTON, Plaintiff, v MICHAEL KHALIFE, Respondent-Appellant, BMW FINANCIAL SERVICES NA, INC., Appellant-Respondent, et al., Defendants. GULF INSURANCE COMPANY, Appellant-Respondent, v MICHAEL KHALIFE, Respondent-Appellant. (First Intervening Action.) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Appellants, v GULF INSURANCE COMPANY, Respondent. (Second Intervening Action.) [735 NYS2d 564] —In an action to recover damages for personal injuries, (1) State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated August 1, 2000, as denied their cross motion for summary judgment in the second intervening action in the amount of $2,126,000 against the defendant Gulf Insurance Company, (2) Gulf Insurance Company appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment in the first intervening action seeking indemnification and an award of an attorney's fee from the defendant Michael Khalife, (3) BMW Financial Services NA, Inc., appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment in the main action on its cross claim for indemnification and an award of an attorney's fee against the defendant Michael Khalife, and (4) Michael Khalife cross-appeals, as limited by his brief, from so much of the same order as denied his cross motion seeking summary judgment (a) dismissing the claims for indemnification and an attorney's fee asserted against him and (b) declaring that Gulf Insurance Company is required to afford liability insurance protection to him for the personal injuries sustained by plaintiff Lynda Hamilton up to its policy limit of $5,000,000 and for defense costs.

Ordered that the order is affirmed, without costs or disbursements.

This appeal arises from an automobile accident on January 11, 1995, involving the plaintiff Lynda Hamilton who was struck by a vehicle driven by the defendant Michael Khalife. Khalife leased his car from the defendant BMW Financial Services NA, Inc. (hereafter BMW).

Khalife's lease with BMW required that he obtain certain

minimal liability coverage, and he exceeded that requirement by securing a $300,000 State Farm Mutual Automobile Insurance Company (hereafter State Farm Mutual) primary liability policy, as well as a separate $2,000,000 State Farm Fire and Casualty Company (hereafter State Farm Fire) excess liability policy. BMW was insured by Gulf Insurance Company (hereafter Gulf), with a "Lessor's Contingent and Excess Liability Policy." The Gulf policy was issued contingent upon BMW securing $100,000/$300,000 coverage from the lessees of its leased vehicles and insured the "Difference to $5 million." The policy provided for a $300,000 per occurrence deductible.

On September 14, 1998, the plaintiff's action to recover damages for personal injuries was settled in open court for $3,000,000. $100,000 was paid by the insurance carrier for the defendant Loretta Schindelman, who is not a party to this appeal. State Farm Mutual paid its limit of $300,000 and State Farm Fire paid its limit of $2,000,000, both on behalf of Khalife. BMW paid $300,000, representing the deductible amount in the Gulf policy, and Gulf paid $300,000 on behalf of BMW. At the time of settlement, Khalife objected to the amount to the extent that it exceeded $2,300,000.

BMW asserts a cross claim for contractual indemnification against Khalife, based upon a provision of its lease to Khalife, which requires the lessee to "hold [BMW] harmless and indemnify [BMW] for all liability, loss and expense arising from the use, condition or ownership of the Vehicle." Gulf, as subrogee of BMW on its indemnification claim, also seeks indemnification against Khalife. State Farm Mutual and State Farm Fire allege that Khalife was an insured under the Gulf policy, and that said policy provided coprimary coverage with the State Farm Mutual policy, thereby entitling them to recover the total sum of $2,126,000 from Gulf. Khalife claims that he is an insured under the Gulf policy, and is entitled to coverage and a defense from Gulf.

The contention that Khalife is an insured under the terms of the Gulf policy is without merit. "[I]t is [well] settled that in construing an endorsement to an insurance policy, the endorsement and the policy must be read together, and the words of the policy remain in full force and effect except as altered by the words of the endorsement * * * An insurance contract should not be read so that some provisions are rendered meaningless" (*County of Columbia v Continental Ins. Co.,* 83 NY2d 618, 628 [citations omitted]; *see, Jefferson Ins. Co. v Travelers Indem. Co.,* 92 NY2d 363, 372). Pursuant to the terms of endorsement number 5 to the Gulf policy, Khalife, as a les-

see, is not an insured. As a result, Gulf, as subrogee of BMW, is not barred under the antisubrogation rule from seeking indemnification and defense costs from Khalife (*see, Sotheby's Intl. Realty v Dunemere Assocs. Real Estate,* 275 AD2d 318).

However, there is an issue of fact as to whether the indemnification provision of the lease is enforceable pursuant to CPLR 4544 (*see, Bauman v Eagle Chase Assocs.,* 226 AD2d 488; *cf., Morris v Snappy Car Rental,* 84 NY2d 21). If the indemnification provision is enforceable pursuant to CPLR 4544, there must be a hearing to determine the reasonableness of the settlement (*see, Atlantic Cement Co. v Fidelity & Cas. Co.,* 63 NY2d 798, 802; *State Farm Mut. Auto. Ins. Co. v Grund,* 243 AD2d 557, 558).

Accordingly, the parties' respective motions for summary judgment were properly denied. Ritter, J. P., Goldstein, H. Miller and Townes, JJ., concur.