■ Maureen Jones, Respondent, v St. Paul Fire and Marine Insurance Company, et al., Appellants, et al., Defendants. [745 NYS2d 47] —In an action for a judgment declaring, inter alia, that the defendant Northbrook Indemnity Company is obligated to provide supplemental underinsured motorist benefits to the plaintiff, the defendants St. Paul Fire and Marine Insurance Company and Northbrook Indemnity Company appeal from an order of the Supreme Court, Suffolk County, (Tanenbaum, J.), dated September 21, 2001, which granted the plaintiff's motion for summary judgment declaring,

inter alia, that the defendant Northbrook Indemnity Company is obligated to provide supplemental underinsured motorist benefits to the plaintiff, and denied the cross motion of the defendant Northbrook Indemnity Company for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the appeal by the defendant St. Paul Fire and Marine Insurance Company is dismissed, as that defendant is not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant Northbrook Indemnity Company, on the law, the motion is denied, the cross motion is granted, the complaint is dismissed insofar as asserted against the defendant Northbrook Indemnity Company, the action against the remaining defendants is severed, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that Northbrook Indemnity Company is not obligated to provide supplementary underinsured motorist benefits to the plaintiff; and it is further,

Ordered that one bill of costs is awarded to the defendant Northbrook Indemnity Company.

The defendant Northbrook Indemnity Company (hereinafter Northbrook) issued a business auto policy to the plaintiff's employer which contained a coverage clause conditioning recovery for liability "resulting from the ownership, maintenance or use of a covered 'auto'." The plaintiff, an employee of the insured, was injured during a road paving project when the Dynapac road roller she was operating was struck by an automobile. The plaintiff settled her personal injury action against the driver of the offending vehicle and filed a claim for supplementary underinsured motorist (hereinafter SUM) benefits provided under the business auto policy issued by Northbrook. The insurer denied the claim on the ground that the road roller was not a "covered auto" because it was specifically defined under the policy as "mobile equipment" which was expressly excluded from the policy definition of "auto." The plaintiff then commenced this action seeking a declaration that the road roller was an insured vehicle under the subject policy and that Northbrook was obligated to provide her with SUM benefits. The Supreme Court granted the plaintiff's motion for summary judgment, finding that the limitation of coverage was unenforceable and declaring that Northbrook was obligated to provide SUM benefits to the plaintiff. We disagree.

Unambiguous provisions in an insurance policy must be given their plain and ordinary meaning, and courts should

refrain from rewriting the agreement (*see Lancer Ins. Co. v Utica Natl. Ins. Group,* 281 AD2d 461). A court may not disregard the clear provisions which the insurer inserted in the policy, and the insured accepted, in order to extend coverage beyond its fair intent and meaning (*see Caporino v Travelers Ins. Co.,* 62 NY2d 234, 239).

The coverage provisions of the Northbrook policy clearly provide that to obtain benefits under the SUM endorsement, the plaintiff must establish that she was operating a "covered auto" that was insured for those benefits. The plain and ordinary meaning of the coverage provisions of the policy, including those of the SUM endorsement, reveals that there was no coverage for "mobile equipment," which is expressly defined as including the road roller at issue.

Provisions in a policy of insurance which limit coverage to identified or defined automobiles are enforceable (*see* 70 NY Jur 2d, Insurance § 1665). The Court of Appeals recognized the right of an insurer and the insured to limit the scope of liability coverage to those vehicles being used exclusively in the insured's business. "An important guidepost when interpreting a business policy is to examine 'the reasonable expectation and purpose of the ordinary business [person] when making an ordinary business contract'" (*Baughman v Merchants Mut. Ins. Co.,* 87 NY2d 589, 593, quoting *Michaels v City of Buffalo,* 85 NY2d 754, 757).

Similarly, at bar, the reasonable expectations of the parties are expressed by the plain language of the carefully crafted policy and evidence the intention to limit the risks assumed by the insurer by withholding coverage for those risks arising from the operation of certain types of mobile equipment. The policy terms are unambiguous and make clear that Northbrook was not underwriting coverage with respect to the road roller as it was expressly placed outside the scope of the policy.

Since the road roller was not within the coverage clause of the policy, there never was a contractual relationship between Northbrook and the plaintiff and therefore it has no obligation to provide the plaintiff with SUM benefits.

In light of our determination, we need not address the parties' remaining contentions. Feuerstein, J.P., Schmidt, Adams and Crane, JJ., concur.