■ PHYSICIANS' RECIPROCAL INSURERS, Appellant, v AKIVA D. ABRAHAM et al., Respondents. [757 NYS2d 330] —In an action, inter alia, for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Akiva D. Abraham in an underlying medical malpractice action entitled *Plumley v Abraham,* pending in the Supreme Court, Rensselaer County, under Index No. 197528/99, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winslow, J.), entered February 5, 2002, which denied its motion for partial summary judgment making the declaration and granted the cross motion of the defendant OB/GYN Health Center to "drop" it as a named defendant pursuant to CPLR 1003.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the plaintiff's motion for partial summary judgment, and substituting therefor a provision granting the motion; as so modified, the order is affirmed, without costs or disbursements.

Clear and unambiguous provisions in an insurance policy

should be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement (*see Lancer Ins. Co. v Utica Natl. Ins. Group,* 281 AD2d 461 [2001]). Although an insured is entitled to the benefit of any ambiguity that might appear in the policy, the court should not strain to find an ambiguity where the language is clear and precise (*see Lancer Ins. Co. v Utica Nat. Ins. Group, supra; General Assur. Co. v Schmitt,* 265 AD2d 299 [1999]). Here, the Supreme Court incorrectly determined that the subject provision relied upon by the defendant Akiva D. Abraham provided coverage.

However, the Supreme Court properly "dropped" the defendant, OB/GYN Health Center Associates, LLP, as a named defendant (*see* CPLR 1003; *Loscalzo v Lupinacci,* 275 AD2d 349 [2000]). Feuerstein, J.P., Friedmann, Schmidt and Mastro, JJ., concur.