■ GULF INSURANCE COMPANY, as Subrogee of BARCO AUTO LEASING CORP., Respondent, v DAVID KANEN et al., Appellants. [788 NYS2d 132]—

In an action, inter alia, for contractual indemnification, the defendant David Kanen appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered August 21, 2003, as granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action in the amended complaint insofar as asserted against him and denied that branch of his cross motion which was for summary judgment dismissing that cause of action insofar as asserted against him, and the defendant Howard Kanen separately appeals, as limited by his brief, from so much of the same order as granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action in the amended complaint insofar as asserted against him and denied that branch of his cross motion which was for summary judgment dismissing that cause of action insofar as asserted against him.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for summary judgment on the first cause of action in the amended complaint and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the appellants.

The defendants maintained an automobile insurance policy with Travelers Indemnity Company (hereinafter Travelers) with liability limits below those required under a vehicle lease (hereinafter the lease) under which the defendant David Kanen (hereinafter D. Kanen) leased a vehicle from Barco Auto Leasing Corp. (hereinafter Barco), with the defendant Howard Kanen (hereinafter H. Kanen), as guarantor. D. Kanen was involved in an automobile accident while driving the leased vehicle, causing

serious injuries to an occupant of another vehicle who commenced a personal injury action against him, H. Kanen, and Barco. The action was settled and Travelers paid its policy limit of $100,000 and the legal expenses incurred in the defense of the defendants and Barco. Barco's insurer, Gulf Insurance Company, or its parent, Gulf Insurance Group, contributed $345,000 to the settlement pursuant to Barco's contingent and excess liability policy with the insurer.

Gulf Insurance Company, as subrogee of Barco (hereinafter Gulf), commenced this action against the defendants D. Kanen and H. Kanen, inter alia, for contractual indemnification pursuant to the lease. The Supreme Court granted that branch of Gulf's motion which was for summary judgment on the first cause of action in the amended complaint for contractual indemnification of the $345,000 it contributed to the settlement.

CPLR 4544 renders inadmissible a document in a consumer transaction, such as the lease, the printing of which fails to meet specified minimum type sizes (*see Bauman v Eagle Chase Assoc.,* 226 AD2d 488, 489 [1996]). Contrary to the Supreme Court's opinion that the defendants' objections under CPLR 4544 "exalt form over substance," the defendants raised a triable issue of fact that precluded the grant of summary judgment (*see Hamilton v Khalife,* 289 AD2d 444, 446 [2001]; *Bauman v Eagle Chase Assoc., supra*).

The defendants made a prima facie showing of entitlement to judgment as a matter of law through an expert affidavit demonstrating that the type size of the subject lease did not meet the requirements of CPLR 4544 (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562-563 [1980]). In opposition, Gulf submitted an affidavit of its expert who opined that the type size was eight points. These contradictory conclusions presented a credibility issue requiring resolution at trial (*see Barbuto v Winthrop Univ. Hosp.,* 305 AD2d 623, 624 [2003]).

By contrast, the Supreme Court correctly rejected the other defenses asserted in opposition to Gulf's motion for summary judgment, including waiver (*see Gilbert Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 968 [1988]), the statute of limitations (*see* CPLR 213 [2]; *McDermott v City of New York,* 50 NY2d 211, 217 [1980]; *Loscalzo v Lupinacci,* 275 AD2d 349, 350 [2000]; *Vavallo v Consolidated Edison Co. of N.Y.,* 150 AD2d 556, 559 [1989]), the anti-subrogation rule (*see Hamilton v Khalife, supra* at 445-446), and the unreasonableness of the underlying settlement (*see Coleman v J.R.'s Tavern,* 212 AD2d 568 [1995]; *Gray*

*Mfg. Co. v Pathe Indus.,* 33 AD2d 739 [1969], *affd* 26 NY2d 1045 [1970]; *cf. Hamilton v Khalife, supra* at 446).

The argument of the defendant D. Kanen, that the $345,000 was not paid by Gulf but by its parent, and, therefore, that Gulf had no claim, is raised for the first time on appeal and we decline to address it (*see DeRise v Kreinik,* 10 AD3d 381, 382 [2004]; *Hospital for Joint Diseases v Hertz Corp.,* 9 AD3d 392 [2004]; *Mann v All Waste Sys.,* 293 AD2d 656 [2002]).

The defendants' remaining contentions are without merit. Smith, J.P., Adams, Crane and Lifson, JJ., concur.