■ CONNECTICUT INDEMNITY COMPANY, Respondent, v ALBERT SCHINDLER et al., Appellants. [828 NYS2d 146]—

In an action, inter alia, for a judgment declaring that the limit of liability coverage under a professional liability policy issued by the plaintiff, Connecticut Indemnity Company, to its insureds, the defendants Albert Schindler and Albert L. Schindler, D.D.S., P.C., is $200,000 with respect to an underlying personal injury action entitled *Diament v Schindler*, pending in the Supreme Court, New York County, under index No. 117970/01, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Murphy, J.), entered May 26, 2005, which granted the plaintiff's motion for summary judgment and declared that the limit of liability coverage available was $200,000.

Ordered that the appeal by the defendants Albert Schindler and Albert L. Schindler, D.D.S., P.C., is dismissed as abandoned (*see* 22 NYCRR 670.8 [e] [1]); and it is further,

Ordered that the order and judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The defendant Theodore Diament (hereinafter Diament), the injured plaintiff in the underlying dental malpractice action, was treated by the defendant Albert Schindler (hereinafter Schindler), from April 2, 1999 through August 31, 2000, for pain in his left jaw. It is alleged that Schindler misdiagnosed Diament's condition during the initial office visit, and then continued his misdiagnosis and mistreatment of Diament's condition for some time thereafter based upon that initial improper diagnosis. Ultimately, Diament was seen by another dentist that correctly diagnosed his condition as a cancerous cyst in his lower left jaw. As a result, Diament underwent surgery to remove the cyst and bone grafts to repair the dam-

aged jawbone. Diament thereafter sued Schindler for the injury he sustained as a result of Schindler's alleged failure to diagnose the cyst in his jaw.

The plaintiff, Connecticut Indemnity Company (hereinafter Connecticut Indemnity), issued dental professional liability coverage to Schindler on an annual basis for the periods from June 20, 1998 through June 20, 2001. The Connecticut Indemnity policies expressly stated that "all damages arising from the same, related, repeated or continuous Dental Incident shall be deemed to arise from one Dental Incident." A "Dental Incident" was defined as "an act, error or omission in the rendering or failure to render professional services as a dentist." The policies also provided for a limit of $200,000 for each "Dental Incident."

After commencing the instant declaratory judgment action, Connecticut Indemnity moved for summary judgment on the basis that Theodore Diament's injury arose from only one cause, the failure to diagnose and properly treat the cyst in his jaw, and, therefore, it triggered only one "Dental Incident," thereby limiting the amount of liability available under the policy to $200,000. The Supreme Court agreed, granted Connecticut Indemnity's motion for summary judgment, and declared that the limit of liability coverage available was $200,000.

The construction of terms and conditions of an insurance policy that are clear and unambiguous presents a question of law to be determined by the court when the only issue is whether the terms as stated in the policy apply to the facts (*see Caporino v Travelers Ins. Co.*, 62 NY2d 234, 239 [1984]; *Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 355 [1978]; *Raino v Navigators Ins. Co.*, 268 AD2d 419, 420 [2000]). Where the provisions of the policy are clear and unambiguous, they must be given their plain and ordinary meaning (*see Raino v Navigators Ins. Co., supra; see also Government Empls. Ins. Co. v Kligler*, 42 NY2d 863 [1977]). However, any ambiguity in an insurance contract must be construed against the insurer and in favor of the policyholder (*see Hartol Prods. Corp. v Prudential Ins. Co.*, 290 NY 44, 49 [1943]).

Here, under the facts as alleged in Diament's complaint in the underlying dental malpractice action, Schindler failed to diagnose Diament's condition, i.e., the cyst, during the initial diagnostic exam, again failed to diagnose it during a subsequent wisdom tooth extraction, and continued to fail to diagnose it during post-extraction care. It was Schindler's alleged initial misdiagnosis and continued misdiagnosis, as well as his continued treatment of Diament based upon that continuing misdiagnosis, that led to Diament's alleged injury and subse-

quent surgery. As such, all the alleged departures in care by Schindler are, when viewed in their entirety, the "same, related, repeated or continued" acts, errors or omissions in the rendering or failure to render professional services as a dentist, i.e., the failure to properly diagnose and treat the cyst in Diament's jaw.

Since Diament's injury arose from the alleged "same, related, repeated or continuous" failure by Schindler to properly diagnose Diament, the Supreme Court correctly determined that the one "Dental Incident" limit of liability provisions of the policies would apply (*see D'Auria v Zurich Ins. Co.*, 352 Pa Super 231, 507 A2d 857 [1986]; *Wilson v Ramirez*, 269 Kan 371 [2000]; *Aetna Cas. & Sur. Co. of Ill. v Medical Protective Co. of Ft. Wayne, Ind.*, 575 F Supp 901 [1983]; *see also Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 173-174 [1973]; *Allied Grand Doll Mfg. Co. v Globe Indem. Co.*, 15 AD2d 901 [1962]). Schmidt, J.P., Santucci, Krausman and Rivera, JJ., concur.