PHYSICIANS' RECIPROCAL INSURERS, Respondent, v ALAN JORDAN, Appellant. [836 NYS2d 215]—

In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant in the underlying medical malpractice actions entitled *Dominguez v Ross, Celemen v Jordan,* and *Montalvo v LaserOne,* commenced in the Supreme Court, New York County, under index Nos. 102902/03, 122495/02, and 117173/04, respectively, the defendant appeals from a judgment of the Supreme Court, Nassau County (Cozzens, J.), entered October 25, 2005, which upon granting the plaintiff's motion for summary judgment declaring that it is not obligated to defend or indemnify him in the underlying actions and denying his cross motion for summary judgment declaring that the plaintiff is so obligated, declared that the plaintiff is not obligated to defend and indemnify him in the underlying actions.

Ordered that the judgment is affirmed, with costs.

On or about August 30, 1999 the defendant Alan Jordan, a physician board certified in ophthalmology, executed a limited liability company operating agreement (hereinafter the operating agreement) regarding the formation of "101 Park Avenue Ophthalmology Associates, PLLC," doing business as LaserOne (hereinafter LaserOne). Pursuant to the operating agreement, he became 1 of 7 members of that professional limited liability company, each with an equal ownership interest in LaserOne.

On about the same date, Jordan entered into an employment agreement with LaserOne (hereinafter the employment agreement). According to the terms of this agreement, Jordan agreed to perform laser vision correction procedures at LaserOne's facility on a part-time basis. The employment agreement set forth

the amount of compensation that he would receive from LaserOne, as well as the terms under which the agreement could be terminated. Both the operating agreement and the employment agreement required Jordan to maintain his own separate professional liability or malpractice insurance coverage.

On December 20, 2000 the plaintiff Physicians' Reciprocal Insurers (hereinafter PRI) issued an excess professional liability insurance policy to LaserOne, as the named insured. The policy also included within its definition of an insured "any . . . stockholder . . . of the Named Insured while acting/within the scope of his or her duties." However, the policy did not provide coverage for any full- or part-time LaserOne physician or surgeon engaged in the practice of medicine, unless otherwise covered by an express endorsement in the policy. The policy defined an "employee" as any individual who had been hired by LaserOne to perform services either on a full- or part-time basis and to whom compensation was paid.

During the insurance period, three patients on whom Jordan performed laser eye surgery at the LaserOne facility commenced separate medical malpractice actions against him and LaserOne, alleging that he was an employee and/or agent of LaserOne at the time that he treated them. During the pendency of the medical malpractice actions, Jordan sought defense and indemnification from PRI. Although LaserOne timely notified the insurer, PRI disclaimed coverage to Jordan on the grounds that he was not an insured under its policy and that, in any event, he failed to timely satisfy the policy's notice condition. PRI commenced this action seeking a judgment declaring that it was not obligated to defend or indemnify Jordan in the three underlying medical malpractice actions. The Supreme Court granted PRI's motion for summary judgment declaring that it was not obligated to defend and indemnify him in the underlying actions and denied Jordan's cross motion for summary judgment declaring that the plaintiff was so obligated. We affirm.

"The construction of terms and conditions of an insurance policy that are clear and unambiguous presents a question of law to be determined by the court when the only issue is whether the terms as stated in the policy apply to the facts" (*Connecticut Indem. Co. v Schindler,* 35 AD3d 784, 785 [2006]; *see Caporino v Travelers Ins. Co.,* 62 NY2d 234, 239 [1984]; *Breed v Insurance Co. of N. Am.,* 46 NY2d 351, 355 [1978]). "[W]here the provisions of the policy are clear and unambiguous, they must be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement" (*Govern-*

*ment Empls. Ins. Co. v Kligler,* 42 NY2d 863, 864 [1977]; *see Physicians' Reciprocal Insurers v Abraham,* 303 AD2d 734, 735 [2003]).

Contrary to Jordan's contentions, the Supreme Court properly determined that he was acting within the scope of his duties as a physician employee of LaserOne at the time he treated the patients who commenced the underlying medical malpractice actions, and not within the scope of his duties as an insured "stockholder" under the PRI policy. In opposition, Jordan failed to raise a triable issue of fact sufficient to defeat summary judgment (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

It is unnecessary to address Jordan's remaining contention in light of the foregoing determination (*see Califano v Campaniello,* 243 AD2d 528, 530 [1997]; *Garvin v Rosenberg,* 204 AD2d 388 [1994]). Ritter, J.P., Santucci, Balkin and McCarthy, JJ., concur.