■ L&D SERVICE STATION, INC., Respondent, v UTICA FIRST INSURANCE COMPANY, Appellant, et al., Defendant. [6 NYS3d 635]—

In an action for a judgment declaring that the defendant Utica First Insurance Company is obligated to provide insurance coverage to the plaintiff, the defendant Utica First Insurance Company appeals from so much of an order of the Supreme Court, Nassau County (Feinman, J.), dated April 17, 2013, as denied, as premature, that branch of its motion which was, in effect, for summary judgment determining that the amount of coverage available to the plaintiff pursuant to the subject insurance policy is limited to $100,000.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Utica First Insurance Company which was, in effect, for summary judgment determining that the amount of coverage available to the plaintiff pursuant to the subject insurance policy is limited to $100,000 is granted.

The defendant Utica First Insurance Company (hereinafter Utica) issued a business owner's insurance policy to the plaintiff L&D Service Station, Inc. (hereinafter L&D), the owner and operator of a gas station. Gasoline was released from underground storage tanks at L&D's gas station, and L&D filed a claim for coverage. Utica denied the claim. L&D then commenced this action for a judgment declaring that Utica is obligated to provide insurance coverage, contending that coverage existed under the "Systems Breakdown" endorsement of the subject policy, which covered the cost of pollutant clean-up and removal caused by a "mechanical breakdown."

Utica moved for summary judgment declaring that it has no obligation to provide insurance coverage to the plaintiff, or, in effect, in the alternative, for summary judgment determining that the amount of coverage available to the plaintiff pursuant to the subject insurance policy is limited to $100,000. Utica argued that the release of gasoline was not caused by a mechanical breakdown and, thus, it was not covered under the terms of the policy. Utica contended, in the alternative, that the policy's terms limited coverage to a maximum of $100,000 for the occurrence.

L&D opposed Utica's motion and cross-moved for summary judgment on the complaint, arguing that the storage tank failure constituted a mechanical breakdown under the policy. L&D also argued that it was entitled to at least $200,000 in coverage: $100,000 for each of the two separate 12-month periods that the policy was in effect from the date of the September 23, 2008, claim. In opposition to L&D's cross motion, and in reply to L&D's opposition to its own motion, Utica argued that, even if the Systems Breakdown endorsement were triggered, coverage was limited to $100,000, since there was one occurrence within a 12-month period.

The Supreme Court denied L&D's cross motion and denied that branch of Utica's motion which was for summary judgment declaring that it was not obligated to provide coverage. The court determined that there were triable issues of fact as to whether the subject tank sustained a "mechanical breakdown." The court did not address the parties' contentions regarding the limits of potential coverage.

Utica appealed from so much of the Supreme Court's order as denied that branch of its motion which was for summary judgment declaring it was not obligated to provide coverage, and this Court affirmed the order insofar as appealed from (see L&D Serv. Sta., Inc. v Utica First Ins. Co., 103 AD3d 782, 784 [2013]). We specifically noted that the Supreme Court did not determine that branch of Utica's motion which was, in effect, in the alternative, for summary judgment determining that the amount of coverage available to L&D was limited to $100,000. We then stated that we were not addressing Utica's contentions regarding that issue, as that branch of Utica's motion remained pending and undecided (see id.).

Subsequently, the motions were restored to the Supreme Court's motion calendar. In the order appealed from, the Supreme Court denied, as premature, that branch of Utica's motion which was, in effect, for summary judgment determining that the amount of coverage available to the plaintiff was limited to $100,000. Since there was no determination on the issue of whether there was any coverage at all, the court concluded that it was premature to decide the limit of coverage available. The court also noted that Utica did not request a determination of the limit of coverage available in its motion papers and, thus, the issue was not properly before it. Utica appeals.

As an initial matter, even though Utica's notice of motion did not specifically request summary judgment determining that coverage is limited to $100,000, the relief was sufficiently

requested in Utica's motion and was litigated extensively in the various motion papers before the Supreme Court. Under these circumstances, this issue was properly before the Supreme Court (*see Tirado v Miller*, 75 AD3d 153, 158 [2010]; *Wells Fargo Bank, N.A. v Marchione*, 69 AD3d 204 [2009]).

Moreover, contrary to the Supreme Court's conclusion, it is not premature to determine the limit of coverage available under the subject policy (*see Santoro v GEICO*, 117 AD3d 1026, 1027-1028 [2014]; *see also Bovis Lend Lease LMB, Inc. v Great Am. Ins. Co.*, 53 AD3d 140, 158 [2008]; *Liberty Mut. Ins. Co. v Insurance Co. of State of Pa.*, 43 AD3d 666, 667 [2007]; *Connecticut Indem. Co. v Schindler*, 35 AD3d 784, 785-786 [2006]). Under the circumstances of this case, the limit of coverage available is a question of contract interpretation that is distinct from the issue of whether the release of gasoline was caused by mechanical breakdown, which will proceed to trial. Since the issue of the limit of coverage available can be determined as a matter of law, we reach the merits of it in the interest of judicial economy.

The construction of terms and conditions of an insurance policy that are clear and unambiguous presents a question of law to be determined by the court when the only issue is whether the terms as stated in the policy apply to the facts (*see Caporino v Travelers Ins. Co.*, 62 NY2d 234, 239 [1984]; *Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 355 [1978]; *Connecticut Indem. Co. v Schindler*, 35 AD3d at 785; *Raino v Navigators Ins. Co.*, 268 AD2d 419, 420 [2000]). The provision of the insurance policy at issue clearly and unambiguously provides for a maximum of $100,000 in coverage for cleanup and removal of the discharge of a pollutant caused by a "peril" that occurs in each policy period. Since it is alleged that only one peril occurred, i.e., the alleged mechanical breakdown of the underground storage tank which led to the release of gasoline, coverage under the policy at issue is limited to a maximum of $100,000 (*see Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 173-174 [1973]; *Allied Grand Doll Mfg. Co. v Globe Indem. Co.*, 15 AD2d 901 [1962]; *Long Is. Light. Co. v Allianz Underwriters Ins. Co.*, 301 AD2d 23, 31-32 [2002]).

Accordingly, the Supreme Court should have granted that branch of Utica's motion which was, in effect, for summary judgment determining that the amount of coverage available to the plaintiff pursuant to the subject insurance policy is limited to $100,000. Skelos, J.P., Leventhal, Cohen and Duffy, JJ., concur.