Prime Diagnostic Medical, P.C., as Assignee of NAEEM GEORGE, Appellant,
against
New York Central Mutual Fire Insurance Company, Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered December 5, 2013. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for duly scheduled independent medical examinations (IMEs).
Contrary to plaintiff's arguments on appeal, the proof submitted by defendant in support of its motion was sufficient to give rise to a presumption that the IME scheduling letters and the denial of claim form at issue had been properly mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]), and that plaintiff's assignor had failed to appear for the IMEs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). Plaintiff's argument, that the address used on the IME scheduling letters improperly included an apartment number that does not appear on plaintiff's claim forms, will not be considered, as it is being raised for the first time on appeal (see Joe v Upper Room Ministries, Inc., 88 AD3d 963 [2011]; Gulf Ins. Co. v Kanen, 13 AD3d 579 [2004]; Mind & Body Acupuncture, P.C. v Elrac, Inc., 48 Misc 3d 139[A], 2015 NY Slip Op 51219[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). In any event, the affidavit of defendant's litigation examiner stated that defendant used the address set forth on the assignor's application for no-fault benefits.
Accordingly, the order is affirmed.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: October 13, 2016