Healthway Medical Care, P.C., as Assignee of Yaderlin Jimenez, Appellant, 
against
Infinity Group, Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Cheree A. Buggs, J.), entered March 12, 2015. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground that, upon the application of Pennsylvania law, there was a lack of coverage due to the rescission, ab initio, of the automobile insurance policy at issue. By order entered March 12, 2015, the Civil Court denied plaintiff's motion and granted defendant's cross motion. We note that no issue is raised on appeal regarding the applicability of Pennsylvania law.
It is uncontroverted that the insured, who is also plaintiff's assignor, stated on her application for the Pennsylvania automobile insurance policy, effective July 20, 2011 through January 20, 2012, that, among other things, she resided in Pennsylvania, the vehicle was garaged at the same address at which the insured resided, the vehicle was primarily being used in Pennsylvania for commercial use, and she would not use the insured vehicle to commute to New York more than three times per month. On September 15, 2011, the insured, while driving the insured vehicle, was involved in an automobile accident in the Bronx, New York. In support of its cross motion for summary judgment dismissing the complaint, defendant argued, among other things, that after it had discovered that the assignor, in fact, resided in the Bronx and garaged the vehicle on the street in the Bronx, defendant retroactively rescinded the insurance policy pursuant to Pennsylvania law (see Erie Ins. Exch. v Lake, 543 Pa 363, 375, 671 A2d 681, 687 [1996]; Klopp v Keystone Ins. Cos., 528 Pa 1, 595 A2d 1 [1991]).
As defendant set forth facts demonstrating that it had rescinded the insurance policy, ab initio, in accordance with Pennsylvania law, defendant established its prima facie entitlement to summary judgment dismissing the complaint, which showing plaintiff failed to rebut (see Compas Med., P.C. v Infinity Group, 46 Misc 3d 146[A], 2015 NY Slip Op 50219[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). We note that those issues plaintiff raised for the first time on appeal are unpreserved for appellate review and have not been considered by this court (see Gulf Ins. Co. v Kanen, 13 AD3d 579 [2004]).
Accordingly, the order is affirmed.
Aliotta, J.P., Pesce and Solomon, JJ., concur.
Decision Date: January 06, 2017