Metro Health Products, Inc., as Assignee of Jose Camargo, Appellant, 
against
Nationwide Ins., Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
McCormack & Mattei, P.C. (Florina Amlakh, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered May 12, 2015. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
Plaintiff commenced this action on January 25, 2012 to recover assigned first-party no-fault benefits for medical supplies provided to its assignor, who had allegedly sustained injuries in a motor vehicle accident on May 28, 2011. Defendant served its answer on February 12, 2012. On July 27, 2012, defendant commenced a declaratory judgment action in the Supreme Court, Nassau County, against plaintiff herein, seeking a declaration that defendant was under no obligation to pay any of plaintiff's claims arising from the accident at issue, since plaintiff had failed to comply with a condition precedent to reimbursement of first-party no-fault benefits by failing to appear for duly scheduled examinations under oath. Plaintiff did not appear or serve an answer in the Supreme Court declaratory judgment action. By judgment entered January 28, 2013, the Supreme Court granted defendant a declaratory judgment on default, and, on April 1, 2013, the default judgment was served with notice of entry on plaintiff. On January 9, 2014, defendant moved in the Civil Court for summary judgment dismissing the complaint on the ground that plaintiff's action is barred by virtue of the declaratory judgment. In opposition, plaintiff argued that there is no preclusive effect from the declaratory judgment because there is no identity of issues between the present action and the declaratory judgment action. By order [*2]entered May 12, 2015, the Civil Court granted defendant's motion.
In light of the Supreme Court's declaratory judgment, the Civil Court properly granted defendant's motion under the doctrine of res judicata (see EBM Med. Health Care, P.C. v Republic W. Ins., 38 Misc 3d 1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]), as any judgment in favor of plaintiff in the present action would destroy or impair rights or interests established by the judgment in the declaratory judgment action (see Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]; Flushing Traditional Acupuncture, P.C. v Kemper Ins. Co., 42 Misc 3d 133[A], 2014 NY Slip Op 50052[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). We note that those issues that plaintiff raises for the first time on appeal are unpreserved for appellate review and have not been considered by this court (see Gulf Ins. Co. v Kanen, 13 AD3d 579 [2004]).
Accordingly, the order is affirmed.
Pesce, P.J., Aliotta and Elliot, JJ., concur.
Decision Date: April 28, 2017