Ocean Gate, L.P., Respondent,
against
Quincy Steele, Appellant.




Sweetbaum & Sweetbaum, Esqs. (Marshall D. Sweetbaum, Esq.), for appellant.
Robert E. Judge, P.C. (Richard P. Byrne, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered March 9, 2015. The order denied tenant's motion to vacate a default final judgment, liens and restraints.




ORDERED that the order is affirmed, without costs.
Landlord commenced this nonpayment proceeding to recover rent owed for five months. Although tenant appeared and answered, he failed to appear on an adjourned date, and landlord was awarded a default final judgment. Thereafter, tenant moved to vacate the final judgment. On February 25, 2014, the parties resolved the motion by entering into a so-ordered stipulation of settlement pursuant to which the default final judgment was vacated, tenant agreed to pay landlord $7,027 by April 10, 2014, and landlord was awarded a new final judgment for possession and the arrears, and a warrant, the execution of which was conditionally stayed. Tenant subsequently defaulted in making the payments due under the stipulation and was evicted on May 22, 2014. Repeated motions by tenant to be restored to possession were denied. In October 2014, landlord filed an income execution against tenant's wages. By motion returnable March 9, 2015, tenant moved to vacate the final judgment, liens and restraints, and argued that, after the eviction, landlord had refused to accept checks from various agencies, which were [*2]payable to landlord on tenant's behalf, as payments against his arrears. Landlord opposed the motion, arguing, among other things, that it did not have to accept partial payments on behalf of tenant, who had already been evicted. The Civil Court, by order entered March 9, 2015, denied tenant's motion.
We note that, in our review of the propriety of the Civil Court's order, we do not consider dehors-the-record allegations included in the appellate briefs (see Chimarios v Duhl, 152 AD2d 508 [1989]; Jerome Ave. Condominium, Inc. v Ram, 25 Misc 3d 130[A], 2009 NY Slip Op 52116[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). Moreover, any arguments raised for the first time on appeal are unpreserved for appellate review and are not considered by this court (see Gulf Ins. Co. v Kanen, 13 AD3d 579 [2004]).
A review of the record indicates that tenant never denied that he owed the rent which had been awarded in the final judgment. Although tenant asserts that landlord refused to accept payments from third parties after tenant's eviction, there was no court order requiring landlord to restore tenant nor was landlord under any duty to accept the proffered monies, which proffers were conditioned upon landlord restoring tenant and which, in any event, did not satisfy the amount owed. In these circumstances, landlord's refusal to accept the partial payments does not relieve tenant of his ultimate liability on this judgment for the rent (see 2505 Bedford Realty Co. v Taitt, 19 Misc 3d 136[A], 2008 NY Slip Op 50747[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; Classon Vil. LP v Bethune, 15 Misc 3d 139[A], 2007 NY Slip Op 50995[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]), and tenant has not otherwise demonstrated that the liens and restraints should be vacated.
Accordingly, the order is affirmed.
ELLIOT, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 23, 2017