Lida's Medical Supply, Inc., as Assignee of Gabriel Pierre, Respondent, 
against
Hereford Insurance Co., Appellant. 




Goldberg Miller & Rubin (Joshua C. Shack of counsel), for appellant.
Law Offices of Ilona Finkelshteyn, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Harriet L. Thompson, J.), entered May 11, 2017, deemed from a judgment of that court entered September 1, 2017 (see CPLR 5501 [c]). The judgment, entered pursuant to the May 11, 2017 order granting plaintiff's motion for summary judgment and denying defendant's cross motion for summary judgment dismissing the complaint, awarded plaintiff the principal sum of $1,595.38.




ORDERED that the judgment is reversed, without costs, so much of the May 11, 2017 order as granted plaintiff's motion for summary judgment is vacated, and plaintiff's motion for summary judgment is denied.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for duly scheduled independent medical examinations (IMEs). By order entered May 11, 2017, the Civil Court granted plaintiff's motion and denied defendant's cross motion. A judgment awarding plaintiff the principal sum of $1,595.38 was entered on September 1, 2017. Defendant's appeal from the May 11, 2017 order is deemed to be from the judgment entered pursuant thereto (see CPLR 5501 [c]). 
Defendant correctly argues that plaintiff's motion for summary judgment should have been denied, as the proof submitted by plaintiff failed to establish, as a matter of law, that the claims had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denial of claim forms that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). However, [*2]since defendant failed to establish that its follow-up IME scheduling letter was timely (see 11 NYCRR 65-3.6 [b]), its cross motion for summary judgment dismissing the complaint was properly denied. Defendant's contention regarding the applicability of 11 NYCRR 65-3.5 (p) is improperly raised for the first time on appeal (see Joe v Upper Room Ministries, Inc., 88 AD3d 963 [2011]; Gulf Ins. Co. v Kanen, 13 AD3d 579 [2004]), and we decline to consider it. 
Accordingly, the judgment is reversed, so much of the May 11, 2017 order as granted plaintiff's motion for summary judgment is vacated, and plaintiff's motion for summary judgment is denied.
PESCE, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 16, 2019