Success Rehab, PT, P.C., as Assignee of Tyrell E. Crenshaw, Respondent,
against
Hereford Insurance Company, Appellant. 




Goldberg Miller & Rubin (Harlan R. Schreiber of counsel), for appellant.
Zara Javakov, P.C. (Zara Javakov and Victoria Tarasov of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa Kennedy, J.), entered August 24, 2017, deemed from a judgment of that court entered October 19, 2017 (see CPLR 5501 [c]). The judgment, entered pursuant to the August 24, 2017 order denying defendant's motion for summary judgment dismissing the complaint and granting plaintiff's cross motion for summary judgment, awarded plaintiff the principal sum of $2,794.24.




ORDERED that the judgment is reversed, with $30 costs, so much of the order entered August 24, 2017 as granted plaintiff's cross motion for summary judgment is vacated and plaintiff's cross motion for summary judgment is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for duly scheduled independent medical examinations (IMEs), and plaintiff cross-moved for summary judgment. By order entered August 24, 2017, the Civil Court denied defendant's motion and granted plaintiff's cross motion. A judgment awarding plaintiff the principal sum of $2,794.24 was entered on October 19, 2017. Defendant's appeal from the August 24, 2017 order is deemed to be from the judgment entered pursuant thereto (see CPLR 5501 [c]). 
Contrary to defendant's contention, defendant did not establish its entitlement to summary judgment. Defendant acknowledged that it had received 9 of the 12 claims at issue between May 13, 2015 and June 19, 2015 and that plaintiff's assignor's first IME was scheduled for August 3, 2015. As that IME had not been scheduled to be held within 30 calendar days after defendant had received those claims, defendant did not demonstrate its entitlement to summary judgment dismissing so much of the complaint as sought to recover upon those claims based upon the assignor's failure to appear for IMEs (see 11 NYCRR 65-3.5 [d]; see also Neptune Med. Care, P.C. v Ameriprise Auto & Home Ins., 48 Misc 3d 139[A], 2015 NY Slip Op 51220[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Defendant's remaining argument as to those claims is improperly raised for the first time on appeal (see Joe v Upper Room Ministries, Inc., 88 AD3d 963 [2011]; Gulf Ins. Co. v Kanen, 13 AD3d 579 [2004]), and we decline to consider it. Further, as noted by the Civil Court, defendant's motion failed to address the remaining three claims. Consequently, we leave undisturbed so much of the August 24, 2017 order as denied defendant's motion for summary judgment.
However, defendant correctly argues, as it did in the Civil Court, that plaintiff failed to establish its prima facie entitlement to summary judgment, since plaintiff did not establish either that defendant had failed to deny the claims at issue within the requisite 30-day period (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denial of claim forms that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Therefore, plaintiff's cross motion should have been denied.
Accordingly, the judgment is reversed, so much of the order entered August 24, 2017 as granted plaintiff's cross motion for summary judgment is vacated and plaintiff's cross motion for summary judgment is denied.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 13, 2019