Anglin v Vranizan (2020 NY Slip Op 51299(U))

[*1]

Anglin v Vranizan

2020 NY Slip Op 51299(U) [69 Misc 3d 137(A)]

Decided on October 30, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 30, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2019-910 K C

Duane C. Anglin, Appellant, 
against
Nicole R. Vranizan, Respondent. 

Duane C. Anglin, appellant pro se.
Nicole R. Vranizan, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Lorna J.
McAllister, J.), entered January 9, 2019. The judgment, after a nonjury trial, dismissed the
action.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the principal sum of $2,000 for
"property improperly withheld" by defendant. After a nonjury trial, the Civil Court dismissed the
action.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125, 126 [2006]). The determination of a trier of fact as to
issues of credibility is given substantial deference, as a trial court's opportunity to observe and
evaluate the testimony and demeanor of the witnesses affords it a better perspective from which
to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992];
Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater
force to judgments rendered in the [*2]Small Claims Part of the
court (see Williams v Roper, 269 AD2d at 126). Upon a review of the record, we find
that the judgment rendered substantial justice between the parties (see CCA 1804,
1807).
Plaintiff's contention about a security deposit is not properly before this court, as it is being
raised for the first time on appeal (see
Joe v Upper Room Ministries, Inc., 88 AD3d 963 [2011]; Gulf Ins. Co. v Kanen, 13 AD3d
579 [2004]; Pavlova v Citiwide
Auto Leasing, 59 Misc 3d 150[A], 2018 NY Slip Op 50833[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2018]). We note that this court does not consider documents attached
to plaintiff's brief on appeal, as they are dehors the record (see Chimarios v Duhl, 152
AD2d 508 [1989]).
Accordingly, the judgment is affirmed.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 30, 2020