Excel Prods., Inc. v Farmington Cas. Co. (2021 NY Slip Op 50441(U))

[*1]

Excel Prods., Inc. v Farmington Cas. Co.

2021 NY Slip Op 50441(U) [71 Misc 3d 137(A)]

Decided on May 14, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 14, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-498 K C

Excel Products, Inc., as Assignee of
Francois, Ambrose, Respondent, 
against
Farmington Casualty Company, Appellant.

Law Offices of Tina Newsome-Lee (Erika E.E. Treco of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Michael
Gerstein, J.), dated December 10, 2018. The order denied defendant's motion for summary
judgment dismissing the complaint and granted plaintiff's cross motion for summary
judgment.

ORDERED that the order is modified by providing that plaintiff's cross motion for summary
judgment is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from an order of the Civil Court denying defendant's motion which had sought summary
judgment dismissing the complaint on the ground that plaintiff had failed to appear for duly
scheduled examinations under oath (EUOs) and granting plaintiff's cross motion for summary
judgment.
Contrary to defendant's contention, defendant failed to demonstrate that it was entitled to
summary judgment dismissing the complaint based on plaintiff's failure to appear for EUOs,
since the initial EUO request to plaintiff had been sent more than 30 days after defendant had
received the claims at issue and, therefore, the requests were nullities as to those claims (see Neptune Med. Care, P.C. v Ameriprise
Auto & Home Ins., 48 Misc 3d 139[A], 2015 NY Slip Op 51220[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2015]; O & M Med., P.C. v Travelers Indem. Co., 47 Misc 3d
134[A], 2015 NY Slip Op 50476[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2015]). Defendant's remaining contentions regarding its motion for summary judgment are
improperly raised for the first time on appeal and we decline to consider [*2]them (see
Joe v Upper Room Ministries, Inc., 88 AD3d 963 [2011]; Gulf Ins. Co. v Kanen, 13 AD3d
579 [2004]).
Plaintiff's cross motion for summary judgment should have been denied as the proof
submitted by plaintiff failed to establish that the claims had not been timely denied (see Viviane Etienne Med. Care, P.C. v
Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely
denial of claim forms that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide
Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011
NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order is modified by providing that plaintiff's cross motion for summary
judgment is denied.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 14, 2021